IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| SANDRA HERNANDEZ         § | | |
|     Plaintiff         § | | Case No.: _____ |
| v.         § | | |
| § | | |
| The DeLoney Law Group, PLLC;         § | | |
| Christopher R. De Loney;         § | | COMPLAINT AND JURY DEMAND |
| William R. De Loney; and         § | | |
| Hartford Fire Insurance Company         § | | |
|     Defendants         § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, SANDRA HERNANDEZ ("HERNANDEZ") brings suit against Defendants The DeLoney Law Group, PLLC, a debt collection law firm, and Christopher R. DeLoney, a debt collection attorney, for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (FDCPA), the Texas debt collection act, Ch. 392 Tex. Fin. C., and for related claims. Suit is also brought against Defendant Hartford Fire Insurance Company, the bonding company for The DeLoney Law Group, PLLC.

### A.  JURISDICTION AND VENUE.

1. The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (FDCPA). Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. The court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part

1

of the same case or controversy under Article 3 of the United States Constitution. The Court specifically has jurisdiction over Defendant Hartford Fire Insurance Company under 28 U.S.C. § 1367(a) (the federal court's "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties).

2. Venue in this District is proper because all or a substantial part of the events or omissions giving rise to their claims occurred in Hidalgo County, Texas.

3. Plaintiff is an individual who resides in Hidalgo County, Texas.

4. Defendant The DeLoney Law Group, PLLC is a Texas professional limited liability company with a principal place of business at 6440 N. Central Expressway, Suite 850, Dallas, TX 75260. Said Defendant may be served by and through its registered agent William R. DeLoney at 534 Frank Keasler, Duncanville, TX 75116-2004, at the address for the principal place of business, or wherever he may be found.

5. Defendant The DeLoney Law Group, PLLC is a Texas professional limited liability company with a principal place of business at 6440 N. Central Expressway, Suite 850, Dallas, TX 75260. Said Defendant may be served by and through its registered agent William R. DeLoney at 534 Frank Keasler, Duncanville, TX 75116-2004, at the address for the principal place of business, or wherever he may be found.

6. Defendant Christopher R. DeLoney is an individual who resides at 2530 Reagan St. # 3319, Dallas, TX 75219. Said defendant may be served at his residence, at the office of The DeLoney Law Group, or wherever he may be found.

7. Defendant William R. De Loney is an individual who resides in Texas. Said defendant

may be served at his residence, at the office of The DeLoney Law Group, or wherever he may be found.

8. Defendant Hartford Fire Insurance Company is a foreign corporation organized and existing under the laws of the state of Connecticut, with a principal place of business at One Hartford Plaza, Hartford, CT 06155. Said defendant may be served by and through its registered agent Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

9. Pursuant to Tex. Fin. C. § 392.102 and pursuant to the terms of the bond agreement itself, Defendants Hartford is liable for the Texas debt collection claims Plaintiff can bring against The DeLoney Law Group, PLLC. Therefore, when this complaint refers to liability of The DeLoney Law Group, PLLC, that liability refers equally to Defendant Hartford.

10. All conditions precedent necessary to maintain this action have been performed or have occurred.

## B. STATEMENT OF FACTS

11. Defendant The DeLoney Law Group, PLLC ("the PLLC") is a law firm. The PLLC is a debt collector under the FDCPA because it regularly attempts to collect alleged debts by sending out collections letters, filing collections lawsuits, making collection phone calls, and taking other acts.

12. Defendants Christopher R. De Loney and William R. De Loney are individual attorneys.[1] Each of these attorneys are also a debt collectors under the FDCPA because they regularly attempt

---

[1] While the last name of the attorney is in two parts ("De Loney"), the corporate filings for the PLLC lists the name of the firm as one word, "DeLoney."

to collect alleged debts by sending out collections letters, filing collections lawsuits, making calls to collect debts, serving discovery to collect debts and taking other collection actions for the PLLC. The pleadings, discovery and collection letters in the state court collections lawsuit (discussed below) were all signed by Mr. Christopher R. De Loney, on behalf of the PLLC. Messrs. Christopher and William De Loney are the sole owners of the PLLC and exercise management and control over the PLLC. For these reasons and others, the PLLC and Messrs. De Loney are jointly and severally liable for all debt collection violations. Each is also directly liable for his own debt collection violations. Therefore, this complaint will use the term "defendants DeLoney" to refer to them collectively.

13. On or about May 29, 2009 defendants DeLoney served on plaintiff Sandra Hernandez a time-barred state court collections lawsuit seeking to confirm an alleged arbitration award. The state court lawsuit was styled <u>CACV of Colorado LLC v. Sandra Hernandez</u>, Cause No. CL-08-0180-E, filed in the County Court at Law No. 5. of Hidalgo County, Texas.

14. On or about October 23, 2008 attorney Christina E. Trejo of Texas RioGrande Legal Aid, Inc. ("Legal Aid") faxed defendants DeLoney a Notice of Appearance of Counsel, and filed the same with the court. That same day, Ms. Trejo served discovery demands on defendants DeLoney. On November 8, 2008, defendants DeLoney served Ms. Trejo discovery answers. On May 13, 2009, Ms. Trejo filed a Plea to the Jurisdiction, and served the same on defendants DeLoney. Subsequently, Ms. Trejo spoke personally with Mr. Christopher De Loney regarding the case, and agreed to pass the setting on a hearing on her motion to dismiss the case for lack of jurisdiction.

15. Despite repeated notice that Ms. Hernandez was represented by counsel, defendants

DeLoney made an end-run around Legal Aid and contacted Ms. Hernandez personally in attempt to collect the debt in the time-barred confirmation lawsuit.

16. On or about September 9, 2009, defendants DeLoney sent a letter demanding payment directly to Ms. Hernandez ("collections letter").

17. The *ex parte* demand struck fear into Ms. Hernandez that she had somehow lost her legal representation and was left to fend for herself with the defendants. This was particularly frightening for Ms. Hernandez because debt collectors seeking to collect this debt in the past had seriously abused her. The prior debt collectors had yelled at her, insulted her, and told her she was worthless and lazy. As a result, Ms. Hernandez was traumatized and cried for hours at a time.

18. Receipt of defendants *ex parte* demand revived past traumas. Ms. Hernandez believed that despite her representation by counsel, defendants had the power to collect the debt with her personally, and that she would have to face them on her own outside of court. Ms. Hernandez had been reassured by her Legal Aid counsel that the debt collectors were not going to contact her again directly. Receipt of the ex parte letter shattered that belief.

19. The collections letter inflated the alleged amount due, added charges and costs that were not due, and misrepresented the amount of the debt.

20. The collections letter stated an amount for the "current balance" which was $293.00 greater than the amount of the purported arbitration award.

21. As of September 9, 2009, defendants DeLoney had incurred court costs of no more than $207.00.

22. As of September 9, 2009, defendants DeLoney had incurred court costs of less than $293.00.

23. On information and belief, it is the pattern and practice of defendants DeLoney to inflate the amount due in letters seeking to collect alleged arbitration awards.

24. Ms. Hernandez filed a FDCPA counterclaim against CACV in the state court collections lawsuit, for serving a time-barred confirmation suit, for the *ex parte* communications, and for misrepresenting the amount of the debt.

25. On April 22, 2010 the court in the state court lawsuit signed and agreed joint motion to dismiss with prejudice of both CACV's time-barred confirmation suit and Ms. Hernandez's FDCPA counterclaim against CACV. There was no release of claims between Ms. Hernandez and defendants DeLoney.

26. Ms. Hernandez now files suit against defendants DeLoney for their debt collection violations.

### COUNT # 1: Violations of the federal Fair Debt Collection Practices Act.

27. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

28. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). See also Hamilton v. United Healthcare of La., Inc., 310 F.3d 385, 392 (5th Cir.2002) (holding that "Congress, through the

FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope"). Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance").

29.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

30.   Defendants DeLoney are each a "debt collector" as defined in 15 U.S.C. § 1692a(6).

31.   The obligation alleged by defendants DeLoney to be owed by plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5).

32.   The actions of defendants DeLoney listed in the above statement of facts, including the collections letter and state court collections lawsuit, constitute an attempt to collect a debt or were taken in connection with an attempt to collect a debt within the meaning of the FDCPA.

33.   Defendants DeLoney violated the following sections of the FDCPA: 15 U.S.C. 1692b, 1692c, 1692d, 1692e, 1692f, and 1692g. By way of example and not limitation, said defendants violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: misrepresenting the character, status, and amount of the debt; attempting to collect an amount not permitted by law or contract; threatening to take and actually taking an action prohibited by law; using false, deceptive or misleading representations or means; using an unfair or unconscionable means; contacting a consumer represented by counsel; engaging in conduct the natural consequence of which is to harass,

oppress any person; failing to cease communications with a consumer after being notified in writing of a demand to do so; communicating or threatening to communicate to any person credit information that is known to be or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and using any false representation or deceptive means to collect or attempt to collect a debt or to obtain information about a consumer.

34. A prevailing Plaintiff in an FDCPA action is entitled to actual damages, additional statutory damages of $1,000.00, and mandatory attorney's fees and costs, and these are so sought.

## COUNT # 2: Violations of the Texas debt collection statute, Tex. Fin. C. § 392.001 *et seq*

35. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

36. Plaintiff is a "consumer" as defined Tex. Fin. C. § 392.001(1).

37. Defendants DeLoney are each independently a debt collector as defined by Tex. Fin. C. 392.001(6), and each a "third-party debt collector" as defined in Tex. Fin. C. § 392.001(7). Defendants DeLoney also have employees who are not attorneys who are regularly engaged in the practice of soliciting debts for collection or who regularly make contact with consumers for the purpose of collecting alleged debts.

38. The obligation alleged by defendants DeLoney in the collections lawsuit and the collections letter is a "consumer debt" as defined in Tex. Fin. C. § 392.001(2).

39. Defendant Hartford is the bonding company for the PLLC. Defendant Hartford is liable

for the Texas debt collection claims Plaintiff can bring against the PLLC pursuant to Tex. Fin. C. § 392.102 and pursuant to the terms of the bond agreement itself.

40. Defendants DeLoney violated Tex. Fin. C. § 392.001 et seq., the Texas debt collection act. By way of example and not limitation, in connection with an attempt to collect a consumer debt Defendant violated the act by: misrepresenting the character, status, and amount of the debt; making fraudulent, deceptive, or misleading representations; using an unfair or unconscionable means to collect a debt; using threats, coercion or attempts to coerce; threatening to take and actually taking an act prohibited by law; and oppressing, harassing, or abusing a person.

41. A prevailing consumer in a Texas debt collection action is entitled to actual damages, additional statutory damages of no less than $100.00 per violation, and mandatory attorney's fees and cost, and these are so sought.

42. Plaintiff also seeks an injunction to prevent or restrain debt collection violations, now and in the future. Tex. Fin. C. § 392.403(a)(1).

## C.    JURY DEMAND.

43. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## D.    PRAYER

44. For these reasons, Plaintiff asks for judgment against Defendant for the following:

    i. The above referenced relief requested;

    ii. Statutory damages, including $1,000.00 pursuant to 15 U.S.C. § 1692k (FDCPA) and no less than $100 per violation pursuant to Tex. Fin. C. § 392.403(e) (Texas debt collection act).

- iii. Actual, economic, punitive and exemplary damages within the jurisdictional limits of the court;

- iv. Attorney fees and costs;

- v. Prejudgment and post-judgment interest as allowed by law;

- vi. General relief;

- vii. An injunction preventing Defendants from engaging in similar unlawful conduct now and in the future;

- viii. All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Respectfully submitted,
/s/
Ahmad Keshavarz
ATTORNEY IN CHARGE FOR PLAINTIFF
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:    (877) 496-7809
Email: ahmad@AustinConsumerAttorney.com
State of Texas Bar Number: 24012957
Southern District of Texas Bar Admission Number: 27001

Celestino A. Gallegos
TEXAS RIO GRANDE LEGAL AID, INC.
316 South Closner Blvd.
Edinburg, TX 78539
Phone: (956) 393-6200
Fax: (956) 343-4688
Email: CGallegos@trla.org
State of Texas Bar Number: 24040942
Southern District of Texas Bar Admission Number: 565173